UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER US, INC., and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:11cv151 ) |
| DAVID R. FORD, SR., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on a "Motion to Dismiss or Transfer", filed by the defendant, David R. Ford, Sr. ("Ford") on June 16, 2011. The plaintiffs, Zimmer US, Inc. and Zimmer, Inc. ( collectively "Zimmer"), filed their response on July 12, 2011, to which Ford replied on July 24, 2011.

Also before the court is a motion to strike filed by Zimmer on July 12, 2011. Ford responded to the motion on July 29, 2011, to which Zimmer replied on August 12, 2011.

Further, on July 29, 2011, Ford filed a motion for leave to file corrected brief. Zimmer responded to the motion on August 12, 2011, to which Ford replied on August 18, 2011.

On August 31, 2011, this court stayed ruling on the pending motions until the motion to remand was ruled upon in a companion case in the Southern District of Mississippi. The Southern District of Mississippi denied the motion to remand on September 4, 2012.

On August 27, 2012, Zimmer filed a request to lift the stay in this case, and on September 17, 2012, Ford filed a request to lift the stay. On September 18, 2012, Ford filed a supplement to request to lift stay, and on October 8, 2012, Zimmer filed a response.

For the following reasons, the request to lift the stay will be granted, the motion to

transfer will be granted (mooting the alternative motion to dismiss), the motion to strike will be denied, and the motion for leave to file corrected brief will be granted.

Discussion

The court will first consider the motion to strike and the motion to file corrected brief. In the motion to strike Zimmer objects to portions of the background section of Ford's motion to dismiss or transfer. Zimmer's objection centers around its allegation that Ford has not limited his factual discussion to the facts relevant to this case but "recites *ad nauseum* his version of every dispute he's had with his business partner, his company, and Zimmer". This objection led Ford to request leave to file a corrected brief, in which he states that he "properly cites to the various pleadings, with pinpoint cites to each, for the 'Background' section of Ford's Brief in Support of Motion to Dismiss or Transfer". Unimpressed, Zimmer responded with the same objections.

The court has examined Ford's corrected brief and considers it acceptable. This case is a companion case to *Delta Bay Medical, Inc. et al v. Robert Ervin and Associates, et al,* Case No. 3:11cv156, pending in the Southern District of Mississippi. As Ford is attempting to show that the cases are similar enough in subject matter to warrant a transfer of this case to the Southern District of Mississippi, his citations to the Mississippi pleadings in the background section of his brief are acceptable. Therefore, Zimmer's motion to strike will be denied and Ford's motion for leave to file corrected brief will be granted.

The court will now turn to the motion to transfer. The facts as alleged in Zimmer's complaint and accompanying exhibits are as follows. Zimmer, headquartered in Warsaw, Indiana, is a global leader in orthopedic implants and devices. *See* Declaration of Larry Siebs

("Siebs Dec."), p. 1, para. 3. Zimmer US is the operating entity for Zimmer in the United States. *Id.* For the marketing and selling of its implants and devices, Zimmer US enters into distributorship or representative agreements with individuals and entities of its own choosing for specific products in specific territories. Id.

In 2007, Ford was a sales representative for Depuy. *See* Complaint, para. 8, DE 1. On April 20, 2007, Zimmer entered into a Consulting Agreement with Ford ("2007 Consulting Agreement"). *Id.*, para. 9 & Ex. A thereto. Pursuant to the Consulting Agreement, Zimmer agreed to pay Ford a consulting fee of $6.5 million, with $3.25 million payable within a day of closing and with the other $3.25 million payable in eighteen equal monthly installments. *Id.*, para. 11 & Ex. A, p. 1, para. 3.1. Ford also executed and delivered to Zimmer a Consultant Non-Competition and Non-Solicitation Agreement ("2007 Non-Competition Agreement"). *See* Complaint, para. 12 & Ex. B, para. 7, p. 5 and Attachment 3 thereto. The 2007 Non-Competition Agreement provided a choice of law and forum selection clause as follows:

> This Agreement shall be construed and enforced in accordance with the laws of the State of Indiana, notwithstanding any state's choice-of-law rules to the contrary. <u>The parties agree that any legal action relating to this Agreement shall be commenced and maintained exclusively before any appropriate state court located in Kosciusko County or the United States District Court for the Northern District of Indiana, South Bend Division</u>. The parties hereby submit to the jurisdiction of such courts and waive any right to challenge or otherwise object to personal jurisdiction or venue, in any action commenced or maintained in such courts.

*Id.* & Ex. B, p. 8, para. 12 (emphasis added).

Meanwhile, around this same time, Zimmer US had a separate unrelated agreement with Robert Ervin ("Ervin") of Mobile, Alabama to serve as its distributor and representative for certain areas of Arkansas, Florida, Louisiana, and Mississippi. *See* Complaint, para. 15. In late

3

2008, as contemplated by the 2007 Consulting Agreement, Zimmer US began discussions with Ervin and Ford about their joining efforts as a distributorship for Zimmer US. *See* Complaint, para. 16. During the course of these discussions, Ervin and Ford created Delta Bay Medical, LLC ("Delta Bay"). Id.

Successfully completing their discussions, on February 18, 2009, Zimmer US entered into a Representative Agreement with Delta Bay covering the territory described above ("Delta Bay Agreement"). *See* Complaint, para. 18. The initial term of the Delta Bay Agreement was from February 18, 2009 to December 31, 2010. *Id.*, para 19. In conjunction with the Delta Bay Agreement, on February 18, 2009, Ford, individually, executed a guaranty of Delta Bay's obligations under the Delta Bay Agreement ("2009 Principals' Agreement"), and Zimmer US and Ford also entered into an individual Agreement ("2009 Ford Agreement"). *Id.*, paras. 20-21 & Exs. D and E.

In the 2009 Ford Agreement, Zimmer US and Ford also agreed that "$4.25 Million Dollars of the $6.5 Million Dollars in consulting fees paid to [Ford] have vested and shall be kept by [Ford] without any obligation of repayment" but that "the remaining amount of consulting fees paid pursuant to Section 3.1 of the [2007 Consulting Agreement] in the amount of $2.25 Million Dollars shall vest according to the schedule set forth in Attachment I." *See* Complaint, para. 23 & Ex. F. The 2009 Ford Agreement also provided as follows:

> 6. <u>Governing Law and Choice of Forum</u>. This Agreement shall be construed and enforced in accordance with the laws of the State of Indiana, notwithstanding any state's choice-of-law rules to the contrary. <u>The parties agree that any legal action relating to this Agreement may be commenced and maintained exclusively before any appropriate state court located in Kosciusko County or the United States District Court for the Northern District of Indiana, South Bend Division</u>. The parties hereby submit to the jurisdiction of such courts and waive any right to challenge or otherwise object to personal jurisdiction or venue, in any action

4

commenced or maintained in such courts.

*Id.* & Ex. E (emphasis added).

On or about November 10, 2010, Zimmer US informed Ford that it would not renew the Delta Bay Agreement and that Zimmer US intended for Ervin, LLC, to be Delta Bay's successor. *See* Complaint, para. 25. On December 23, 2010, Larry Siebs of Zimmer US sent Ford, Ervin and Delta Bay a letter reiterating the fact that the Delta Bay Agreement would expire at the end of the year and that Delta Bay must "release its sales representatives from any restriction or obligation that otherwise may impair the ability of such representative to accept a position with [Zimmer US] or Delta Bay's successor" and that "[Zimmer US] intends to begin immediately contacting Delta Bay's employees as contemplated by Section 29(a) to discuss positions with [Zimmer US] or Delta Bay's successor." *Id.,* para. 26 & Exhibit G

Ford, by and through his attorney, refused to honor the transition assistance obligations and stated that Zimmer US had no basis for demanding transition assistance from Delta Bay and Ford. *See* Complaint, para. 27 & Exhibit H. Based on Ford's refusal to comply with his transition assistance obligations, effective as of December 31, 2010, Zimmer US terminated its relationship with Ford. *Id.*, para. 28 & Exhibit I.

Zimmer asserts that Ford was terminated for cause, and as set forth in the 2009 Ford Agreement, Ford is obligated to repay Zimmer US $500,000 in unvested consulting services compensation. *See* Complaint, para. 31. Ford's actions also allegedly violated multiple provisions of the 2007 Non-Competition Agreement. *Id.*, para. 35. Zimmer filed its Complaint and Jury Demand on April 13, 2011.

A district court's ruling on a motion to transfer under 28 U.S.C. §1404(a) is entitled

5

to substantial deference. *Research Automation, Inc. v. Shrader Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). In exercising its discretion to a transfer motion, district courts employ a "flexible and individualized analysis," which focuses on: (1) propriety of venue in both the transferor and transferee districts; (2) whether transfer will serve the convenience of the parties and witnesses; and (3) whether the transfer will serve the interests of justice. See, *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988); see, also, *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). As the party bringing the motion to transfer, Ford has the burden of demonstrating that the Southern District of Mississippi is a more convenient forum. See, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

> 28 U.S.C. §1404(a) provides, in pertinent part, as follows:
>
> [f]or the convenience of parties and witnesses, in the interest
> of justice, a district court may transfer any civil action to any
> other district or division where it might have been brought.
> 28 U.S.C. §1404(a).

There should be no dispute that as between the parties to this action, the case is properly venued in either the Southern District of Mississippi or the Northern District of Indiana., pursuant to 28 U.S.C. §1391(a), given that Zimmer resides in the Northern District of Indiana, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Mississippi. The issue, therefore, becomes one of in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will best be served. *Heller Financial, Inc.*, 883 F.2d at 1293. In making this determination in the context of a mandatory forum selection clause, however, a party to such a clause has waived his own convenience as a factor. *Id.* Therefore, the remaining factors for the Court's consideration are the

6

convenience of non-party witnesses and the interests of justice. *Id*. While a party may waive its right to assert his own convenience through an agreement containing a forum selection clause, a district court must still consider whether the interests of justice or the convenience of non-party witnesses require transfer. *Id*. Here, Ford does not dispute that a valid forum selection clause exists between the parties. As such, he has waived his own convenience as a factor in the §1404(a) analysis. Therefore, this factor does not support transferring the case to the Southern District of Mississippi.

Zimmer argues that as the plaintiff in this action, its choice of forum should be given substantial deference. Zimmer claims that it paid a hefty sum for the agreements with Ford. Zimmer claims that part of this compensation to Ford was to provide Zimmer with some protection via the forum selection clauses providing for exclusive venue in Indiana. Zimmer also again notes that it is located in Warsaw, Indiana, and thus the convenience to Zimmer in having this case remain in Indiana is significant. As Ford notes, however, the plaintiff's choice is given much less deference when another forum has a stronger relationship with the dispute. *Zimmer, Inc. v. Sharpe*, (N.D. Ind. 2009) 2009 WL 1424199. As discussed more fully below, the Southern District of Mississippi has the strongest relationship with the disputes in this case. Thus Zimmer's choice of law forum is entitled to little weight.

The second factor the Court must consider on a motion to transfer is the convenience of the non-party witnesses. *Coffey*, 796 F.2d at 220, n.3. Ford identifies several non-party witnesses who reside in the State of Mississippi and have material information concerning the case. Of these 11 non-party witnesses (Robert Ervin is a party to the lawsuit in the Southern District of Mississippi), all except one material non-party witness lives in Mississippi. Out of these 11

7

material non-party witnesses, six of them relate directly to the contractual relationship between Ford, Ford, LLC, and Delta Bay on the one hand, and Zimmer, on the other, including Myles Parker, Jon Paul Bobo, Morgan Mardis, Tommie Cagle (Louisiana), Keith Upchurch, and Connor Gunn. Three of the non-party witnesses are orthopaedic surgeons who will testify about the cause of discontinued use of Zimmer products, and two are financial experts. Each of these witnesses reside in Mississippi, as well. *Id*.

Further, Zimmer only lists three representatives, Larry Siebs, Vincent Fath and Catherine Limina, all Indiana residents, as relevant witnesses. Zimmer lists Robert Ervin, a resident of Alabama, as a potential witness. Ervin is a defendant in the Mississippi action, and thus is amenable to service of process there. Zimmer claims that Ervin is in a continuing contractual relationship with Zimmer and thus Zimmer does not anticipate there being any objection by Ervin to testifying in Indiana. Clearly, however, the convenience of material non-party witnesses favors the Southern District of Mississippi.

The interests of justice also play a prominent role in a decision concerning transfer under §1404(a). The interests of justice alone can be outcome determinative, notwithstanding the other factors. *Research Automation*, *Inc.*, at 978. "This analysis focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Amoco Oil Company v. Mobile Oil Corp*., 90 F.Supp.2d 958, 961 (N.D. Ill. 2000). Ford argues that the interests of justice strongly favor a transfer of this case to the Southern District of Mississippi, where parallel, and more comprehensive, litigation is currently pending. Ford claims that, by filing a suit in this District, Zimmer is essentially seeking to split off its contractual dispute with Ford for separate determination by this Court, while the same issues already are pending in the

8

Southern District of Mississippi.

Public interest factors also include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d 902, 912 (N.D. Ill. 2006). Ford asserts that while the agreements between Ford and Zimmer specify Indiana law as governing, there is no reason to believe that Indiana contract law differs in any material way from Mississippi contract law, and Zimmer has not argued otherwise. As such, this factor only favors Indiana slightly.

In looking at the Federal Management Statistics for both courts, found at their respective web sites, it appears that the median time from filing to disposition for civil cases is roughly the same in both courts, at approximately nine months each. As such, this factor is an uncontested wash.

A more difficult issue with regards to the motion to transfer is determining which district has the strongest connection to the dispute. Ford, of course, argues that the Southern District of Mississippi bears a much stronger connection to this dispute as a part of a much larger dispute between Ford and Ervin, their respective entities, and their relationship with Zimmer. Thus, according to Ford, the desirability of resolving controversies in their locale strongly favors the Southern District of Mississippi. Ford also claims that Indiana's interest in enforcing its company's contractual obligations does not outweigh another state's interest in resolving localized disputes. *See*, *Doage v. Bd. Of Regents*, 950 F.Supp. 258, 262 (N.D. Ill. 1997) ("Resolving litigated controversies in their locale is a desirable goal of the federal courts."). Ford points out that recent rulings out of the Northern and Southern Districts of Indiana support

this analysis and the requested transfer. *DuPuy Orthopaedics, Inc. v. Gault South Bay, Inc.*, 2007 WL 3407662 (N.D. Ind.), *Health Systems Int'l, LLC v. Babb*, 2011 WL 1004578 (S.D. Ind.). In each case parallel proceedings were pending in another jurisdiction, a forum selection clause provided for suit to be filed in Indiana, and a Motion to Transfer was filed and granted transferring the case to the district with the most significant nexus to the dispute. *Id*.

Zimmer claims that Indiana is the situs of the material events, because the principle issue in this case revolves around the contractual terms of the two Agreements and the damages that Zimmer suffered from Ford's alleged actions. Zimmer claims that the events leading up to the alleged breach of contract, which occurred in Mississippi, are essentially undisputed. However, Ford disputes the events leading up to the breach, giving Mississippi more weight. Moreover, when analyzing the situs of material events, the court must focus on where the actions creating the injury occurred (Mississippi), not the location of the injury itself (Indiana). *Robinson Steel Company, Inc. v. Caterpillar, Inc.* (N.D. Ind. 2011) 2011 WL 923415. Therefore, this criteria compels the court to transfer the case to the Southern District of Mississippi.

As the motion to transfer is well taken, the court will not reach the merits of the alternative motion to dismiss, leaving that for the Southern District of Mississippi to resolve as it sees fit.

Conclusion

On the basis of the foregoing, the requests to lift the stay [DE 35, 36] are hereby GRANTED. Further, the motion to transfer [DE13] is hereby GRANTED, the motion to strike

[DE 19] is hereby DENIED and the motion for leave to file corrected brief [DE 23] is hereby GRANTED.

Entered: November 13, 2011.

                                                    <u>s/ William C. Lee</u>
                                                    William C. Lee, Judge
                                                    United States District Court